## Biss vs. The Town of New Haven.

*Highway tax: Notice.*

Where the notice required by statute (R. S., ch. 19, sec. 33; Tay. Stats., 486, § 41), has not been given a tax-payer, of the time when, and place where, he must appear and pay his highway tax in labor, the overseer of highways has no authority to return the tax as unpaid, nor the town clerk to enter it on the assessment roll; and if the amount is illegally collected, the tax-payer may recover it by action against the town.

APPEAL from the Circuit Court for *Dunn* County.

Plaintiff was a resident freeholder in a certain road district in the defendant town in 1874, and a highway tax of five dollars was levied, during that year, on the land upon which he resided. The overseer of highways in said district returned said tax to the town clerk as delinquent, and the clerk included the amount thereof in the tax list of the town for that year, and, in his warrant to the town treasurer, directed him to collect the amount from the plaintiff. Plaintiff having refused to pay said amount in money to the town treasurer, that officer levied upon his property, and threatened to sell it by virtue of his warrant; and plaintiff thereupon paid the amount, which was returned into the town treasury. Afterwards he brought this action in justice's court, to recover the amount so paid, alleging that during the year 1874 he was always ready and willing to pay such highway tax in labor, as he had a right to do; that he asked the overseer of highways to designate some time and place in which he might so pay the tax; but that said overseer neglected to notify him to work on the highway, and never so warned him, or permitted him to pay such tax in labor. The answer was a general denial.

On the trial, plaintiff introduced evidence tending to prove the averments of the complaint. A witness for the defendant town, who was overseer in plaintiff's road district in 1874, having testified in substance that he gave to plaintiff, in person, at his residence, three days' notice of the time and place

when he should work out his highway tax on personal property, added: "I told him, in addition to working out the personal property tax, that he might come and work out any tax on the real estate on the list in my warrant, and that if he would come and work, I would give him a receipt on the tax worked on any lands in the list. At the same time I read to him the list." On his cross examination, he said that he thought this was after he had made his return. On re-direct examination, he said he was positive that he warned the plaintiff out, to work out his tax on real estate, before the return was made.

The justice rendered judgment in the plaintiff's favor, for five dollars and costs. Defendant appealed to the circuit court, which affirmed the judgment of the justice; and thereupon defendant appealed to this court.·

For the appellant, a brief was filed by *F. J. & W. C. McLean*, and the cause was argued orally by *F. J. McLean*. They contended that the requirements of the statute in regard to notifying persons owing highway taxes to work them out upon the roads, are merely directory, and a noncompliance with them will not render the town liable; that to hold otherwise would encourage endless litigation; and that, in all actions of this kind where a recovery has been had, something has been omitted that was essential and jurisdictional in the assessment. *Hurley v. Texas*, 20 Wis., 634; *Phillips v. Stevens Point*, 25 id., 594; *Matteson v. Rosendale*, 37 id., 254; *Swift v. Poughkeepsie*, 37 N. Y., 511.

*E. B. Manwaring*, for the respondent, cited Cooley on Tax., 541; *Miller v. Gorman*, 38 Pa. St., 309; *Matteson v. Rosendale*, 37 Wis., 254.

COLE, J. The statute made it the clear duty of the overseer of highways to give the plaintiff at least three days' notice of the time when, and place where, he must appear and pay his highway tax in labor. Tay. Stats., ch. 19, § 41, p.

486. The tax due in labor could not be converted into a tax payable in money, except upon such notice given, and default of the plaintiff to appear and work at the time and place specified in the notice.   Sec. 47.   The statute is mandatory in character, prescribes a way for collecting the highway tax in money, and the giving of the notice is essential and jurisdictional.   "The opportunity to work them out is a condition precedent to the right of collection by legal process," says the supreme court of Pennsylvania, in *Miller v. Gorman et al.,* 38 Pa. St., 309; and we have no doubt of the correctness of the remark.   Upon the same subject Judge Cooley remarks, that "it is not a mere irregularity when one is denied his legal right to work out a road tax, and the amount is demanded in money," but the objection is fundamental, going to the very ground-work of the tax.   Cooley on Taxation, p. 541.   That is to say, the assessment of the tax under the circumstances was not merely erroneous, but was void.   For it must be assumed that the justice found from the testimony that no notice was given by the overseer to the plaintiff to appear and work out his tax; consequently the power to collect it on the warrant issued wholly failed.   The overseer had no right to return it as unpaid, and the town clerk had no right or power to enter it as delinquent on the assessment roll.   Jurisdiction over the subject matter was wholly wanting, and the money tax was entirely unauthorized in law.   Such being the case, there can be no doubt that the plaintiff could maintain an action against the town for the money illegally collected of him.   *Matteson v. Town of Rosendale,* 37 Wis., 254.

The justice rendered judgment in favor of the plaintiff, and against the defendant, for $5.00 and costs.   The town then took the case by appeal to the circuit court, where the judgment of the justice was affirmed.   It is to be regretted that the matter was not suffered to rest there, and that the town did not refund the money, which, in equity and good conscience, it had no right to retain.   Bringing a case involving

so inconsiderable an amount to this court, betrays rather an excessive fondness for litigation, than a desire or willingness to abide by the principles of justice and good order.

*By the Court.* — The judgment of the circuit court is affirmed.