THE STATE OF KANSAS, *on the relation of John N. Ives, Attorney General,* v. WILLIAM MARTINDALE *et al., as Directors of the State Penitentiary, et al.*

EIGHT-HOUR LAW—*Officers and Employés in Penitentiary.* The officers and employés mentioned in §20, chapter 152, Laws of 1891, are not embraced in the provisions of chapter 114, Laws of 1891, making it unlawful for laborers, workmen, mechanics, or other persons, employed by the state of Kansas, to work more than eight hours a day.

### Original Proceeding in Mandamus.

APPLICATION for a writ of *mandamus* to compel the directors and warden of the state penitentiary to comply with the eight-hour law. The material facts are stated in the opinion, filed October 10, 1891.

*John N. Ives,* attorney general, and *John Martin,* for plaintiff.

*L. B. Kellogg,* for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This is an original proceeding in this court, brought by the state upon the relation of the attorney general, against the directors and warden of the state penitentiary, praying that they be compelled to comply with the provisions of chapter 114 of the Session Laws of 1891, commonly called "the eight-hour law," in the employment and control of officers and employés working in the state penitentiary. It appears from the stipulation of the parties that several of the officers and other employés in the penitentiary are required and permitted to work more than eight hours per day. On the part of the plaintiff, it is alleged that this is in violation of the provisions of said chapter 114. Section 1 of the chapter reads:

"That eight hours shall constitute a day's work for all laborers, workmen, mechanics, or other persons, now employed, or who may hereafter be employed by or on behalf of the state

of Kansas, or by or on behalf of any county, city, township, or other municipality. of said state, except in cases of extraordinary emergency which may arise in time of war, or in cases where it may be necessary to work more than eight hours per calendar day for the protection of property or human life: *Provided,* That in all such cases the laborer, workmen, mechanics, or other persons so employed and working to exceed eight hours per calendar day, shall be paid on the basis of eight hours constituting a day's work: *Provided further,* That not less than the current rate of per diem wages in the locality where the work is performed shall be paid to laborers, workmen, mechanics, and other persons so employed by or on behalf of the state of Kansas, or any county, city, township, or other municipality of said state; and laborers, workmen, mechanics and other persons employed by contractors or subcontractors in the execution of any contract or contracts within the state of Kansas, or within any county, city, township, or other municipality thereof, shall be deemed to be employed by or on behalf of the state of Kansas, or of such county, city, township, or other municipality thereof."

Section 2 of the chapter provides, among other things, that —

"It shall be unlawful for any such corporation, person or persons to require or permit any laborer, workman, mechanic or other person to work more than eight hours per calendar day in doing such work, or in furnishing or manufacturing such material, except in the cases and upon the conditions provided in section 1 of this act."

Section 3 further provides, that any person guilty of violating any of the provisions of said act may be punished for each offense "by a fine not less than $50, nor more than $1,000, or by imprisonment not more than six months, or by both a fine and imprisonment."

Conceding, for the purposes of this case, that chapter 114 is constitutional, the question arises, whether its provisions apply to any officer or employé mentioned in the act of 1891 relating to the penitentiary. Chapter 114 was approved March 10, 1891. It took effect from and after its publication in the statute book. This was on the 20th of May, 1891. Chapter 152, Laws of 1891, being the act relating to the state penitentiary, was approved March 11, 1891, but took effect

from and after June 30, 1891.   Section 20, of chapter 152, reads:

"There shall be paid to the officers of the penitentiary the following annual salaries, to wit: To the warden, $2,500; the deputy warden, $1,200; the clerk, $1,200; assistant clerk, $720; physician, $1,400; chaplain, $1,000; storekeeper, $720; engineer, $1,200; first assistant engineer, $900; second assistant engineer, $720; turnkey, $720; first assistant turnkey, $600; second assistant turnkey, $600; superintendent clothing department, $600; messenger, $600; steward, $600; yardmaster, $600; superintendent of building, $720; superintendent of masonry, $720; matron, $500; assistant matron, $400; 36 keepers, $600 each, $21,600; 11 night watchmen at $600 each, $6,600; farmer and gardener, $600; insane ward keeper, $600; superintendent of mines, $2,000; engineer of mine, $1,-000; assistant engineer of mine, $900; weigh clerk, $800; shipping clerk, $800; pit boss, $820; top officer, $720; bottom officer, $720; two fire bosses at $720 each, $1,440; 14 mine-keepers at $700 each, $9,800."

It is now insisted upon the part of the state that the officers and employés referred to in § 20 cannot be required or permitted by the directors or warden of the penitentiary to work more than eight hours per day.   We do not agree with this conclusion.   Chapter 152 is the latest expression of the legislature.   Section 1 of chapter 114, the earlier law, provides, among other things, that "not less than the current rate of per diem wages in the locality where the work is performed shall be paid to laborers, workmen, mechanics, and other persons so employed by or on behalf of the state of Kansas, or any county, city, township, or other municipality of said state." Considering the provisions of § 20, in chapter 152, this provision in § 1 of chapter 114 cannot be carried out as to the persons named in § 20, if force is given to all the provisions of chapter 152, and especially if force is given to the provisions of §§ 20 and 39.   The last section provides that a day's labor of a convict shall be 10 hours; and the statute also provides that the board of directors or warden shall furnish guards to look after the convicts while they are at work.   Of course, by shifts of guards, convicts could be compelled to

work 10 hours a day, and the guards eight only; but it is quite probable, if the legislature intended that the employés in the penitentiary should work only eight hours a day, that a like limitation would have controlled the day's labor of a convict.    While the convicts in the penitentiary are sentenced to compulsory labor, the rule has been to require them to work only the same hours per day as other laborers.    There are many provisions in said chapter 152 which cannot be carried into effect in the penitentiary if full force is given to the provisions of chapter 114.    It seems to us clear that it was not the intention of the legislature that chapter 114, Laws of 1891, should have any application to the officers or employés of the penitentiary mentioned in § 20 of chapter 152.    Those officers and employés are given annual salaries, the amount for each officer and employé is specifically stated, and the amounts have been appropriated by the legislature without specific reference to the current rate of per diem wages in the locality where the work is to be performed.    Then, again, the officers and employés mentioned in said § 20 of chapter 152 are paid annual salaries, and not per diem wages for each day.    The words "laborers, workmen, mechanics, or other persons," in § 1 of chapter 114, evidently do not embrace any officer or employé for whom an annual salary has been specifically named and appropriated by the legislature.

Further, chapter 114 is a penal statute, and must therefore be strictly construed.    It cannot be extended by construction. Unless it necessarily includes the officers or employés mentioned in § 20 of chapter 152, or some one of them, it cannot apply to any officer or employé.    We think it has no application to any officer or employé named therein.    If the provisions of chapter 114 were applied by the defendants to the penitentiary, then the appropriations of 1891 for that institution are wholly insufficient, and it is hardly possible that the legislature intended to leave it in a crippled condition.    It was urged upon the argument on behalf of the state, that if chapter 114 had no application to the officers or employés in the penitentiary, or in the charitable institutions of the state, its

provisions would scarcely have any operation. This is not correct, because, if the statute is constitutional, it will apply to laborers, workmen, mechanics, or other persons employed by or on behalf of the state, in many cases outside of the penitentiary and the charitable institutions, and also to many of the employés of counties, cities and townships of the state. (Section 1.)

A peremptory writ of *mandamus* will be denied, and the defendants will recover their costs.

All the Justices concurring.