S. C. BILLINGSLEY v. THE BOARD OF COUNTY COM-
MISSIONERS OF MARSHALL COUNTY, KANSAS.

### No. 85.

EIGHT-HOUR LAW — *does not apply to work done under contract.*
Where a person contracts to do a certain amount of work for a
certain sum of money he cannot recover a greater sum than that
contracted for, under chapter 114, Laws of 1891.

Error from Marshall District Court. Hon. R. B.
Spilman, Judge. Opinion filed June 16, 1897. *Affirmed.*

*Mann & Redmond,* for plaintiff in error.

*W. S. Glass,* for defendant in error.

WELLS, J. The only question in this case is whether
a person can contract with a county to do certain
clearly specified and described work for a certain
specified sum monthly, perform the services and re-
ceive pay therefor under the contract, and then after
the expiration of the contract and all renewals there-
of, upon a showing that in the performance of said
contract more than eight hours of labor a day was re-
quired and by him performed, collect of said County
pay for such excess over eight hours a day, under the
provisions of chapter 114, Laws of 1891.

In the consideration of this question, let us assume,
as claimed by plaintiff in error, that the object of this
law is to shorten the hours of labor for the employed,
and to give the unemployed a better chance to get
work, and then inquire how either of these objects is
to be aided by allowing one man to contract to do a
day and a half's work each day and then collect for
the excess. It seems to us that the allowance of the
plaintiff's claim would directly tend to defeat both. It
is a familiar rule that a thing may be within the let-

436   Billingsley v. Comm'rs of Marshall Co.

N. Dept.               Opinion.   Wells, J.           5 Kan. App.

ter of a statute and yet not within the statute, because not within its spirit or intention. *Church of the Holy Trinity v. United States*, 143 U. S. 457.

But in this case the claim of the plaintiff is not within the letter of the law. The law referred to makes it unlawful for any county or any contractor therewith, to require or permit any person to work more than eight hours per day, under any contract with it, except in cases of extraordinary emergency as therein designated. In this case there was no claim of any such emergency as contemplated in the exception. Either the plaintiff in error violated the letter and spirit of the law in question and now insists on being paid for doing so, or that chapter does not apply to cases of this kind. Either of these positions is fatal to the plaintiff's claim. It is an elementary principle of law that a person cannot base a cause of action upon his own wrong. In the case at bar, if the services performed came within the scope of said chapter 114, then it was unlawful for the plaintiff to work more than eight hours each day, and it was unlawful for the Commissioners to allow him to do so ; and he, by his own act, violated the law and subjected the Commissioners if not himself to a criminal prosecution, and now asks to profit by it.

The writer is of the opinion that the law in question applies only to people who work by the day, and not to those taking contracts of a certain amount of work for so much money. Chief Justice Horton, speaking for the Supreme Court in *The State ex rel., v. Martindale* (47 Kan. 150), says :

"The words 'laborers, workmen, mechanics, and other persons,' in section 1 of chapter 114, evidently do not embrace any officer or employee for whom an annual salary has been specifically named and appro-

priated by the legislature. Further, chapter 114 is a penal statute, and must therefore be strictly construed. It cannot be extended by construction."

The decision of the court below will be affirmed.