*In re* Ashby.

---

## *In re* C. R. ASHBY.

### NO. 11232.

1. CITIES OF FIRST CLASS—*Poll-tax*—*Invalid Statute.* Chapter 64, Laws of 1893, entitled "An act to repeal subdivision thirty-four (34) of section eleven (11) of article three (3) of the charter of cities of the first class, published in the General Statutes of Kansas of 1889, relating to road districts, and authorizing and compelling persons between the ages of 21 and 45 years to work thereon," is unconstitutional and invalid, and said subdivision 34 is still in force.

2. ——— *Eight-hour Law—Invalid Ordinance.* An ordinance of a city of the first class which requires male residents between the ages of twenty-one and forty-five years to perform two days' work of ten hours a day on the public streets, or pay three dollars in lieu thereof, conflicts with chapter 114, Laws of 1891, and is therefore invalid. (Gen. Stat. 1897, ch. 73, § 12.)

3. EIGHT-HOUR LAW —*Applies to Poll-tax.* A man working on the streets of a city under an ordinance requiring the performance of two days' labor of ten hours per day, or the payment of three dollars as a poll-tax, is a laborer for the city within the meaning of chapter 114, Laws of 1891, known as the "eight-hour law."

Original proceedings in *habeas corpus.* Opinion filed December 10, 1898. Petitioner discharged.

*Humphrey & Hudson,* for petitioner.

*J. H. Crider,* and *C. E. Cory,* for respondent.

The opinion of the court was delivered by

ALLEN, J.: The petitioner is restrained of his liberty by the marshal of the city of Fort Scott under a commitment issued by the police judge, pending a continuance of a prosecution brought against him in the police court for a violation of an ordinance of the city of Fort Scott requiring all male residents between the ages of twenty-one and forty-five to perform two days' labor of ten hours each on the streets of the city, or pay the sum of three dollars. The validity of the ordinance on which the prosecution is based is attacked. An objection has been made in the interest of other persons in the class subject to a similar tax by the terms of the ordinance on the ground that this proceeding is collusive and not a *bona fide* controversy between opposing parties. We have reached the conclusion that the objection ought to be disregarded, and the merits of the controversy will be considered.

The principal objections against the validity of the ordinance are these : (1) That subdivision 34 of sec-

tion 11, chapter 18, General Statutes of 1889, which conferred authority on the mayor and council of cities of the first class to levy and collect poll-taxes, was repealed by chapter 64, Laws of 1893 ; (2) that the ordinance is in conflict with chapter 114, Laws of 1891, known as the "eight-hour law," because it requires persons subject to the tax to work ten hours a day. The legislative authority for passing an ordinance of this kind, if any exists, is contained in the thirty-fourth subdivision of section 11 above referred to, and the power conferred by it is given to all cities of the first class alike. The legislature of 1893 passed an act which reads as follows :

"An act to repeal subdivision thirty-four (34) of section eleven (11) of article three (3) of the charter of cities of the first class, published in the General Statutes of Kansas of 1889, relating to road districts, and authorizing and compelling persons between the ages of 21 and 45 years to work thereon.

"*Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1. That subdivision thirty-four (34) of section eleven (11) of article three (3) of the charter of cities of the first class, published in the General Statutes of the state of Kansas of 1889, relating to road districts, and authorizing and compelling persons between the ages of twenty-one and forty-five years to work thereon, or in lieu thereof, to pay the sum of three dollars, be and the same is hereby repealed : *Provided, however*, that the provisions of this act shall only apply to cities of twenty thousand inhabitants or more."

It will be observed that the purpose of the act, as expressed in the title, is to repeal subdivision 34, and so much of section 1 as precedes the proviso is an absolute repeal of that subdivision, but the proviso is that the provisions of this act shall only apply to cities of 20,000 inhabitants or more. Fort Scott is a

city of  the first class but of- less than  20,000 inhabitants.    Section 16 of article 2 of the constitution provides :  " No bill shall contain more than one subject, which shall be clearly expressed in its title, and no law shall be revived or amended, unless the new. act contain the entire act revived, or the section or sections amended, and the section or sections so amended shall be repealed."   The title contains no hint of a purpose to amend or change the law as expressed in the subdivision under consideration, but merely to repeal.   The purpose of the legislature, however, if all parts of the section are to be given effect, clearly was to amend the subdivision so as to leave it in force in its entirety but limit its application to cities of less than  20,000  inhabitants.   No purpose to amend the subdivision being expressed, or even hinted at in the title, it cannot be upheld as an amendment.

But it is urged that the title and the main purport of the act being to repeal the subdivision, and the proviso being without the main purpose of the legislature, the act may stand and the proviso fall.   We cannot say that the act would have been passed without the proviso.   Continuing the old law in force as to cities of less than  20,000 people was as much a matter of substance and may as well have influenced the action of the legislature in its consideration of the bill, as the repeal of the law so far as larger cities were concerned.   The proviso cannot be treated as a mere minor incident disconnected from the body of the section.   The whole section must fall together. The section also is amendatory in character and does not comply with that provision of the section of the constitution quoted which requires the new act to contain the section amended.   On this question we

therefore conclude that subdivision 34 still remains in full force as originally enacted.

Chapter 114, Laws of 1891, provides:

"That eight hours shall constitute a day's work for all laborers, workmen, mechanics or other persons now employed, or who may hereafter be employed by or on behalf of the state of Kansas, or by or on behalf of any county, city, township, or other municipality of said state, except in cases of extraordinary emergency which may arise in time of war or in cases where it may be necessary to work more than eight hours per calendar day for the protection of property or human life." (Gen. Stat. 1897, ch. 73, § 12.)

It is contended on behalf of the respondent that this act has no application to the ordinance under consideration, because subdivision 34 authorizes the council to require the performance of two days' labor of ten hours each, and that this provision has not been repealed or amended either in express terms or by necessary implication. It is also said that a person working a poll-tax under the ordinance is not employed by the city within the meaning of the eight-hour law, but that the service required is in the nature of a tax imposed for the purpose of keeping the streets and alleys of the city in repair. It is often a matter of great difficulty to determine how far prior enactments may be changed or restricted in their operations by subsequent ones which are not in terms amendatory. It sometimes happens that the legislature has under consideration a special subject which in some particulars is related to many matters concerning which prior enactments are in force. It has never been held that in order to make the subsequent act valid and operative all such prior enactments must be revised and amended so as to conform to the new act. It is only when the legislature in passing the subse-

quent act has under consideration the subject-matter contained in the former enactment, and is working along the same legislative line, that the subsequent act can fairly be termed amendatory of the prior. When the eight-hour law was passed the legislature had under consideration the general subject of the length of a day's labor for those engaged on public works at manual labor, without special reference to the purpose or occasion of their employment. The leading idea clearly was to limit the hours of toil of laborers, workmen, mechanics, and other persons in like employments, to eight hours, without reduction of compensation for the day's services.

The validity of this act is not now attacked but its effect only is discussed. It is impossible to draw a distinction between the cases of one man who works out his own poll-tax and of another employed by the city to work two days for three dollars collected from a third who chose to pay in money rather than to work out his tax. That the latter laborer would fall strictly within the provisions of the law is clear. He would be a laborer employed on the public streets and paid directly by the city. The eight-hour law being valid, he could not be required to perform more than eight hours of service for a day's work. Will it be contended that the man who either from necessity or choice works out his own tax must labor ten hours for a day and may be forced to do four hours more service to discharge his tax than the man employed by the city to render two days' service for three dollars? It is said that the statute does not apply to jurors, and the case of *The State ex rel. v. Martindale*, 47 Kan. 147, 27 Pac. 852, is cited, holding that the law does not apply to employees at the penitentiary who receive annual salaries. Militiamen and other classes

Railway Co. v. Moore.

of persons in public employment might also be mentioned who do not fall within the reason or the letter of the law, but with these we have no concern. A laborer on the public streets of a city falls as clearly within the letter, the spirit and purpose of the statute as any person we can think of, and it was for the benefit of such that the eight-hour law was enacted. The ordinance under which the petitioner is prosecuted was passed in 1897. It exacts two days' labor of ten hours each. This is two hours of service more per day than the law authorized. The petitioner refused to comply with this requirement. He was not bound to enter into any controversy with the city officials as to the length of a day's employment by working eight hours and then refusing to work longer. The city must first conform its requirements to the limits of the law. Not till then may it enforce them.

The ordinance as passed is invalid and will not uphold the prosecution against the petitioner. He is, therefore, discharged.