TOWN OF GERMANTOWN, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*October 13—November 8, 1922.*

*Workmen's compensation: Person working out highway tax as employee of town.*

One working out a road tax, as permitted by sec. 1248, Stats. 1917, instead of paying cash, is an "employee" of the town within the meaning of the workmen's compensation act (sub. (1), sec. 2394—7, Stats. 1921). ROSENBERRY, ESCHWEILER, and JONES, JJ., dissent.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

There was an application by the dependent before the *Industrial Commission* for compensation by reason of the death of Phillip Wagenknecht, resulting from accident while in the course of his employment, working out a highway tax for the plaintiff town. The *Industrial Commission* awarded compensation and the award was affirmed by the circuit court. There is no dispute upon the facts, and the only question before this court is one of law as to the construction of the following language in the compensation act:

"Section 2394—7. The term 'employee' as used in sec-

tions 2394—1 to 2394—31, inclusive, shall be construed to mean: (1) Every person in the service of any . . . town . . . under any appointment, or contract of hire, express or implied, oral or written. . . ."

The plaintiff contends that the deceased was not in the service of the town under any contract of hire, express or implied.

The cause was submitted for the appellant on the brief of *Sawyer & Sawyer* of Hartford; for the respondent *Wagenknecht* on that of *John O'Meara* of Milwaukee; and for the respondent *Industrial Commission* on that of the *Attorney General* and *Winfield W. Gilman,* assistant attorney general.

CROWNHART, J.  This court has many times held that the compensation act is to be liberally construed to carry out its manifest purpose.  That purpose is to relieve workmen from the distress of work accidents by placing a portion of the burden upon the employers, and through such employers, in the cost of production, upon the people as a whole.  In passing this act the legislature made it elective as to private employers, but, having in mind that the state and municipalities should set a good example, made the law mandatory as to them.

In this case we have a workman working for the town on its highways to pay an obligation of his to the town.  He had his choice to pay this obligation in cash or in labor. Sec. 1248, Stats. 1917.  This was the offer presented to him by law, and his election to pay in labor completed an implied contract of service.  When he went to work he was an employee of the town, and the town was his employer.  His relation to the town was no different than that of an employee working beside him for cash under the same direction and supervision.  Had the deceased paid his obligation in cash, then the town would have taken the cash to employ some other workman to do the same work

in the same way as was done by the deceased.    In that case
the town would have had to compensate such workman
in case of injury.    The distinction between the two kinds of
workmen is too subtle and technical to be within the spirit
and purpose of the law.    The following cases seem to justify
our conclusion that deceased was an employee at the time
of his injury: *Elder v. Bemis,* 2 Met. (43 Mass.) 599, 604,
605; *In re Ashby,* 60 Kan. 101, 55 Pac. 336, 338; *Winfield
v. Peeden,* 8 Kan. App. 671, 57 Pac. 131.

*By the Court.*—The judgment of the lower court is
affirmed.


ROSENBERRY, J. (*dissenting*).    The question is whether
or not the deceased was in the service of the plaintiff town
under a contract of hire, express or implied, oral or written
(sec. 2394—7, Stats.).    To my mind an analysis of the
relationship existing between the taxpayer and town in this
case does not disclose a single contractual element.    It is
true that there rests upon the taxpayer an obligation to
discharge his liability to the town for the amount of tax
assessed against him, but this obligation arises out of the
exercise of sovereign power on behalf of the state and not
out of any contract entered into between the plaintiff town
and the deceased.

As was said in *Pierce v. Boston,* 3 Met. (44 Mass.) 520,
taxes are not "contracts between party and party, either
express or implied; but they are the positive acts of the
government through its various agents, binding upon the
inhabitants, and to the making or enforcing of which their
personal consent, individually, is not required."    26 Ruling
Case Law, p. 25, § 11, and cases cited.

A liability imposed by statute and not assumed by the
voluntary agreement of the parties is not a contract at
modern law, even if it is a liability upon which an action of
debt could have been maintained at common law.    1 Page,

Contracts (2d ed.) § 66; 1 Cooley, Taxation (3d ed.) 17; *State v. Railway Cos.* 128 Wis. 449, 108 N. W. 594.

A statute liability wants all the elements of a contract, consideration and mutuality as well as assent of the parties. *McCoun v. N. Y. Cent. & H. R. R. Co.* 50 N. Y. 176.

It may be argued that the statutory provision by virtue of which the deceased was permitted at his option to, discharge his obligation by performing labor rather than paying money amounts to an offer and that his decision to discharge his obligation by the performance of labor is an acceptance of the offer. Even if it should be so construed it lacks all elements of mutuality, it being an obligation imposed by the state upon the town and the taxpayer without the consent of either. It appears quite clearly, however, that the right to work out a road tax is a valuable right which may not be denied to the taxpayer, and that in order to entitle the state to collect the tax in money the provisions of the statute must be complied with, and failure to give the proper notice of the time and place at which the work may be performed under a statute requiring it is not mere irregularity. *Biss v. New Haven,* 42 Wis. 605; note in 74 Am. St. Rep. 668.

The nature of the power exerted by the state is further shown by the fact that the state may require the performance of labor, and in the event of the failure of a taxpayer to discharge his obligation it may be enforced by fine and imprisonment. *Sims v. Hutcheson,* 72 Ga. 437; 37 Cyc. 334.

The mere fact that superficially the relation existing between the deceased and the town resembled that of master and servant does not make the relationship one arising out of a contract of hire, express or implied. It must have been the intent of the legislature in using the words "arising out of contract, express or implied," to indicate precisely what liabilities municipalities were to assume. There being no

contractual element in the relationship between the taxpayer discharging his liability by the performance of labor rather than the payment of money, I am unable to agree with the decision of the court in this case.

I am authorized to state that Mr. Justice Eschweiler and Mr. Justice Jones concur in this dissent.