**BOARD of TRUSTEES of CRUTCHO TOWNSHIP v. STATE INDUSTRIAL COM. et al.**

No. 21848. Opinion Filed May 12, 1931.

 █

Moss & Powell, for petitioner.

Homer Caldwell and D. D. Jennings, for respondent.

SWINDALL, J. The record in this case shows that O. W. Bartell was at the time of the alleged accident in this case a resident of Crutcho township, Oklahoma county, state of Oklahoma, engaged in the dairy business, and that E. W. Slack was employed by him, and that he was notified by the road supervisor to perform road duty in said township, and that he sent as his substitute E. W. Slack. On November 18, 1924, E. W. Slack filed with the State Industrial Commission his claim for compensation in which he stated that he was employed by O. W. Bartell and that on October 18, 1924, when operating a road grader, the same hit a culvert, throwing claimant off, hurting his shoulder and breaking his collar bone. On November 19, 1924, the respondent O. W. Bartell and the Globe Indemnity Company, his insurance carrier, entered an appearance and denied that the claimant was in the employment of the respondent at the time he sustained his accident and, therefore, they are not liable for compensation. On November 25, 1924, the State Industrial Commission gave notice of a hearing to be held before the Commission on December 16, 1924, at its courtroom in the Capitol building, Oklahoma City, Okla. On November 28, 1924, the State Industrial Commission sent a corrected notice of hearing to O. W. Bartell, Globe Indemnity Company, and the board of trustees of Crutcho township. The record shows that a hearing was held on December 16, 1924, at which evidence was offered, and on May 23, 1925, the Commission found:

"(1) That the claimant herein did not receive an accidental injury arising out of and in the course of his employment in any industry under section 7283, Compiled Statutes 1921, as amended, Session Laws 1923.

"It is therefore ordered: That this cause be and same is hereby dismissed for want of jurisdiction."

On July 28, 1930, the State Industrial Commission served notice on E. W. Slack, board of county Commissioners of Oklahoma county, O. W. Bartell, Globe Indemnity Company, and board of trustees of Crutcho township of Oklahoma county, Okla., to reopen cause, determine liability, and extent of disability, and fixed the hearing before the Industrial Commission at its courtroom in the Capitol building, Oklahoma City, Okla., at 1:30 p. m. on August 22, 1930. The hearing appears to have been held on September 16, 1930. After taking testimony the record discloses that:

"The Commission, after reviewing the testimony on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"(1) That on the 18th day of October, 1924, claimant, E. W. Slack, was in the employ of respondent Crutcho township. and grading roads when he sustained an accidental injury, which hazardous occupation is subject to and covered by the provisions of the Workmen's Compensation Law.

"(2) That on the said 18th day of October, 1924, claimant, E. W. Slack, sustained an accidental personal injury arising out of and in the course of his employment with the Crutcho township, while working on the roads of that township.

"(3) That by reason of said accidental injury, the claimant was temporarily totally disabled to perform his ordinary manual labor from the date of the accident, October 18, 1924, to February 15, 1925, or a total of twelve weeks beyond the five-day waiting period.

"(4) That the claimant's average daily wage at the time of said accident was $2.50.

"(5) That by reason of said accidental injury the claimant has sustained a 75 per cent. permanent partial loss of the use of his right arm.

"The Commission is of the opinion: That claimant is entitled to twelve weeks' temporary total, at the rate of $9.61 per week, in the amount of $115.32; and that he also is entitled to 175 weeks' compensation, at the rate of $9.61, amounting to $1.681.75, on account of 75 per cent. partial loss of use of right arm.

"It is therefore ordered: That within ten days from this date, the respondent Crutcho township pay to E. W. Slack the aggregate amount of $1,797.07, being temporary total for twelve weeks from October 18, 1924, to February 15, 1925, less the five-day waiting period, and permanent partial compensation for 175 weeks at $9.50 a week, figured from February 15, 1925, is due in lump sum.

"The Commission is of the further opinion: That Oklahoma county, own risk, and O. W. Bartell and his insurance carrier, also listed as respondents in this case, should be relieved of all liability in this cause.

"It is further ordered: That Oklahoma county, own risk, and O. W. Bartell, and his insurance carrier, Globe Indemnity Com-

pany be, and the same are, relieved from liability in this cause.

"The Commission is of the further opinion: That the Crutcho township, respondent herein, is liable for medical services rendered claimant by Dr. Raymond L. Murdock, Medical Arts Building, Oklahoma City, in the sum of $50; and by Dr. John E. Heatley, Medical Arts Building, Oklahoma City, in amount of $35 in furnishing X-rays in connection with treatment of the patient.

"It is further ordered: That within ten days from this date, the Crutcho township pay to Dr. Raymond L. Murdock and Dr. John E. Heatley amounts as outlined above, in settlement of their bills in this cause.

"It is further ordered: That within 30 days from this date the respondent or insurance carrier file with the Commission receipts or other proper report evidencing compliance with the terms of this order.

"Order by Chairman Doyle,

"Commissioner McElroy concurring."

At the hearing held September 16, 1930, the petitioner herein objected to the State Industrial Commission reopening the case, for the reason that the State Industrial Commission was without jurisdiction to vacate, modify, or change its order entered May 23, 1925. This objection was overruled by the Commission, and the petitioner excepted. The petitioner also objected to the findings of the State Industrial Commission that E. W. Slack at the time of the accidental injury was an employee of Crutcho township. There are other propositions argued in the brief of the petitioner which we do not deem it necessary to further consider in this action to review. Section 7294, C. O. S. 1921, as amended by section 7, chapter 61, of the Session Laws 1923, provides, among other things, that:

"The decision of the Commission shall be final as to all questions of fact, and except as provided in section 7297 of this article, as to all questions of law."

Section 7297, C. O. S. 1921, as amended by section 8, chapter 61, of the Session Laws 1923, among other things, provides:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties unless within 30 days after a copy of such award or decision has been sent by the Commission to the parties affected, an action is commenced in the Supreme Court to review such award or decision."

So, we hold that where the State Industrial Commission makes an award or renders a decision that the claimant did not receive an accidental injury arising out of and in the course of his employment in any industry under section 7283, C. O. S. 1921, as amended by section 1, chapter 61, Session Laws 1923, and claimant fails to commence an action in this court within 30 days thereafter to review such award or decision, then, under section 7294, C. O. S. 1921, as amended by section 7, chapter 61, Session Laws 1923, said award or decision becomes final and conclusive and fixes the status of the claimant.

Upon the second proposition we think the contention of petitioner that the respondent E. W. Slack was not an employee of Crutcho township, Oklahoma county, Okla., under the terms and provisions of the Workmen's Compensation Law is also correct. Under section 10007, C. O. S. 1921:

"Every male person between the ages of 21 and 50 years who shall have resided in this state for 30 days and who is not a county or township charge and who has not performed road duty elsewhere in this state, or any other state, in that year, shall be subject to road duty of four days of eight hours in each year; provided, that any person of whom any road duty is required may furnish his substitute satisfactory to the road supervisor to work out said duty and one day's work of man and team shall be equivalent to two days' work of man alone."

Section 10010, C. O. S. 1921, provides that:

"It shall be the duty of each road supervisor immediately after his appointment, and on the first day of January and July of each year thereafter, to prepare a list, alphabetically arranged, of all persons in his road district subject to road duty and who reside therein, and he shall file said list with the township clerk of his township. Immediately after the preparation and filing of such list the clerk of the township board shall arrange such names in a book to be kept for that purpose, of all names turned in by such road supervisor. All persons, corporations, and individuals are hereby required, upon application of the road supervisor, to furnish to said supervisor the number of persons in their employment who are subject to road duty under the provisions of this article, and in the event of a willful refusal, failure, or neglect so to do within ten days after such demand in writing, shall be guilty of a misdemeanor."

Section 10011, C. O. S. 1921, provides that:

"Said supervisor shall call out all able-bodied male persons not insane, idiotic, deaf, dumb, or blind, who are residents of such district, subject to road duty between the first day of January and the 31st day of December of each year. The supervisor shall require such persons to work on the

highways of such district eight hours each day and to furnish in such labor any tool that the supervisor may direct, if the demand therefor be reasonable. Any person able to perform an ordinary day's labor shall be deemed able-bodied within the meaning of this article although the person may be in some respects disabled."

Section 10014, C. O. S. 1921, provides:

"Such supervisor shall notify each person in his road district subject to road duty of the time and place of working on such highways at least three days prior to the time designated for such work. Such notice shall be in writing and may be delivered personally to the person served or left at his usual place of residence. A copy of such notice shall be retained by the supervisor and may be admitted as presumptive evidence of such notice in any court within the county in which such road district is located."

Section 10015 provides that:

"If any such person or his substitute, after appearing, shall remain idle or not work faithfully, or shall hinder others from working, such offender shall for every such offense forfeit the sum of $1.25 to be collected from such person as other fines and forfeitures herein specified and such person or his substitute shall be discharged by the supervisor without credit for any part of the work he may have done."

Section 10016 provides that:

"Any person liable to road duty who shall fail, neglect, or refuse to appear, after having been notified as provided in this article, shall be fined in any sum not less than $10 nor more than $50 or be confined in the county jail not less than ten days nor more than 30 days or be punished by both such fine and imprisonment in the discretion of the court; but such prosecution shall not relieve the defendant from further road duty."

Section 10033 provides that:

"Any person subject to road duty may be exempt therefrom by paying to the supervisor of his road district the sum of $10 in lieu of the time he is liable to work thereon, and in that case he shall receive a receipt therefor from the supervisor. Said supervisor shall be authorized to employ some person or persons or teams to work out such money at a rate not exceeding $2.50 per day per man or team on the roads of his district. or, failing to do so, he shall pay over all such money into the township treasury (or county treasurer if county supervision) for the benefit of the road district, such money to be paid over at the first meeting of said board after the first day of January and July of each year."

The section above quoted making it a misdemeanor not to report for road duty was held constitutional by the Criminal Court of Appeals of the state of Oklahoma in State v. Rayburn, 2 Okla. Cr. 413, 101 Pac. 1029. In the case of Whiteneck v. Board of Commissioners of Woods County, 89 Okla. 52, 213 Pac. 865, this court held that:

"The state, county, city, or any municipality is subject to the provisions of the Workmen's Compensation Act, when engaged in any hazardous work within the meaning of the act, in which workmen are employed for wages."

Under the Workmen's Compensation Laws of this state "employer" is defined as follows:

" 'Employer,' except when otherwise expressly stated, means a person, partnership, association, corporation, and the legal representative of deceased employer, or the receiver or trustee of a person, partnership, association, or corporation employing workmen in hazardous employment, and shall include the state, county, city or any municipality when engaged in any hazardous work within the meaning of this act in which workmen are employed for wages. * * *" C. O. S. 1921, sec. 7284, subs. 3, as amended by section 2, chapter 61, Session Laws 1923.

Subdivision 6, same section, reads:

" 'Compensation' means the money allowance payable to an employee as provided for in this act."

Subdivision 8, same section, defines "wages" thus:

" 'Wages' means the money rate at which the services rendered is recompensed under the contract of hiring in force at the time of the injury, including the reasonable value of board, rent, housing, lodging or similar advantage received from the employer."

So, it is clear that any able-bodied male citizen performing statutory road duty, or his substitute, is not an employee of the township in which he performs such road duty, and the Workmen's Compensation Law includes only such persons as may be employed by the township under contract to perform labor in the construction of public roads. For the reasons herein stated, we hold that the State Industrial Commission was in error in entering its award for compensation in favor of E. W. Slack and against the board of trustees of Crutcho township, Oklahoma county, Okla. The award is therefore vacated and set aside and the State Industrial Commission directed to dismiss said claim.

CULLISON, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., and KORNEGAY, J., concur in result. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.