## MURRAY COUNTY et al. v. HOOD et al.

No. 23630. Opinion Filed April 25, 1933.

J. Fred Swanson and Williams & Williams, for petitioners.

Holmes Colbert and Murphy & Colley, for respondents.

WELCH, J. This is an original action in this court to review an award made by the State Industrial Commission in favor of R. M. Hood. The county of Murray, by its board of county commissioners, and the United States Fidelity & Guaranty Company, are petitioners. R. M. Hood and the State Industrial Commission of the state

of Oklahoma are respondents, and the parties will be hereinafter referred to as petitioners and respondents as they appear hereinabove.

The evidence herein discloses that on the 16th day of October, 1930, one of the respondents, R. M. Hood, was, on a conviction, sentenced by the county court of Murray county, Okla., to serve a term of 90 days in the county jail of said county, and to pay a fine of $50 and costs. Commitment was issued thereon, and on the 13th day of December, 1930, the said respondent. R. M. Hood, was committed to the county jail of said county. No official or legal action in any way was taken to in any way change the status of the judgment and sentence. On February 7, 1931, the respondent R. M. Hood fell from a ladder while engaged in doing painting work on the jail of said county, and sustained the injury for which the claim herein was filed. One of the county commissioners of Murray county had, some time prior to the injury, agreed with Hood that if he would do work in connection with the painting on the jail, he would be allowed the sum of $1.50 a day to be applied toward the payment of his fine, and that in addition thereto, there would be allowed to his family out of the charity fund of said county the sum of $1.50 a day. Subsequent to the injury, Hood filed claims with the board of the county commissioners of the county for work alleged to have been done in pursuance of this agreement, and these claims appear in the record, indorsed by the chairman of the board of the county commissioners as allowed. in the total sum of $36.75, and with the further indorsement, "paid by fine and county aid." These claims were filed and allowed in February and March, 1931, and subsequent to the date of the injury. Upon the hearing, Hood testified that he was not a prisoner at the time of his injury; that he was permitted to go home at night when he chose. but that he had the privilege of staying in the jail when he so desired and that he slept there several times when it was raining, or for other causes he did not desire to go home; that he had a bed in a cell at the jail.

An undersheriff of the county testified that Hood was taken into the custody of the sheriff on December 13, 1930, and was committed to jail; that he was officially released in June of 1931, but that he was not actually confined in the jail subsequent to the date of the injury.

Subsequent to the injury, the respondent R. M. Hood filed a claim with the State Industrial Commission seeking an award of compensation for the injury sustained while in the employ of Murray county, within the terms of the Workmen's Compensation Act of this state. After hearings at which the above evidence was developed, the State Industrial Commission made its order awarding the claimant $11.54 per week compensation from February 7, 1931, to June 1, 1931, for temporary total disability, and a further award of $11.54 per week, computed from June 1, 1931, for a total period of 125 weeks for 50 per cent. permanent disability suffered to the left arm of claimant.

Petitioners urge, among other propositions, that a prisoner injured while serving a sentence in the county jail, is not an employee of the county, and is not entitled to compensation under the Workmen's Compensation Act of this state. (Stat. 1931, sec. 13348 et seq.) We first direct our attention to this proposition.

The parties agree that there is no conflict in the evidence, except the respondents contend that, by reason of the testimony of the claimant, there is conflict as to whether or not the respondent Hood was a prisoner at the time of the injury. We do not agree, however, with the respondents' contention in this regard. The most liberal interpretation to be given to Hood's testimony is that he was allowed privileges which may not always be given persons serving a jail sentence on conviction of a violation of law. The fact that he was made trusty, or that he was given privileges, did not change his legal status as a prisoner.

Section 3151, O. S. 1931, provides:

"When the judgment is imprisonment in a county jail, or a fine, and that the defendant be imprisoned until it be paid, the judgment must be executed by the sheriff of the county or subdivision. In all other cases, when the sentence is imprisonment, the sheriff of the county must deliver the defendant to the proper officer, in execution of the judgment."

Section 3280, O. S. 1931, provides:

"There shall be established and kept in every county, by authority of the board of county commissioners and at the expense of the county, a prison for the safe-keeping of prisoners lawfully committed."

Section 3281, O. S. 1931, provides:

"* * * For the confinement of persons pursuant to a sentence, upon a conviction for an offense and of all other persons duly committed for any cause authorized by law."

Section 3167, O. S. 1931, provides:

"Working of Convicts upon Highways—Duties of Officers. The board of county com-

missioners of any county in this state shall have authority to work any convicts confined in the county jail, either as punishment for crime or in lieu of payment of fine and costs, upon public highways in such county and to employ such guards and other assistants as may be required. * * * It shall be the duty of the sheriff, upon the order of the board of county commissioners, to deliver to any person authorized to receive them for work, upon public highways, any persons sentenced and confined in the county jail either as punishment for crime, or in lieu of payment of fine and costs."

Section 3168, O. S. 1931, provides:

"When, in the judgment of the county commissioners, the expense of working the convicts upon the public highways is too great, on account of the small number thereof, or for any other reason, then they shall have authority to provide all necessary apparatus for the working of such convicts upon a rock pile, or rock crusher, for the purpose of providing material for use upon the public highways of said county. Said authority shall be exercised in the same manner as is provided in section 2, for the working of convicts upon the public highways: * * * provided, further, that in any county where the working of convicts upon a rock pile, or rock crusher, is found impractical for any reason, then the county commissioners may provide for the working of said convicts upon any public work in which the county has an interest."

It seems obvious from the reading of the foregoing sections of the statutes that a person who has been delivered to a sheriff of the county by commitment, issued in pursuance of a judgment and sentence for conviction of a crime, is by law legally at the disposal of the county commissioners for employment in such work as is enumerated in the statutes, which include "any public work in which the county has an interest." It would further appear that the board of county commissioners in such circumstances have no authority to agree to pay to such convict any sums of money out of public funds for such work, as his services are already at the disposal of the county by operation of law. No such payments can be legally made except upon express authority of statute. No such authority of law has been cited. It will thus be seen that the parties were attempting to enter into a contract which was prohibited by law. The laws of this state provide for the punishment of persons convicted of crime by imprisonment and otherise. When a person acquires the status of a county convict, any duties which he may be compelled to perform as such convict will not be said to have been performed by contract with him. He must perform such duties as the law prescribes by reason of the requirement of the law.

In Board of Trustees of Crutcho Township v. State Industrial Commission, 149 Okla. 23, 299 P. 155, this court held:

"Any able-bodied male citizen performing statutory road duty or his substitute is not an employee of the township in which he performs such road duty, and the Workmen's Compensation Law includes only such persons as may be employed by the township under contract to perform labor in the construction of public roads."

This court, in the last hereinabove quoted case, held that the relation of employer and employee, as defined in the Workmen's Compensation Act of this state, did not exist by reason of the fact that the work being performed was that required by law, rather than by contract between the parties. Certainly, in the instant case, it cannot be said that the respondent Hood, at the time of his injury, was doing other than what the law required of him as punishment for the crime of which he was convicted.

In view of the foregoing, we do not pass upon the other questions raised herein. The award is, therefore, vacated and set aside, and the State Industrial Commission is directed to dismiss said claim.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL. ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur. BAYLESS, J., absent.