LEZMAN v. OVERISEL TOWNSHIP.

1. WORKMEN'S COMPENSATION—ROAD SERVICE—CONTRACT OF EMPLOYMENT.

Land owner's obligation to perform road service, supply a substitute to do so, or commute the assessment by payment of money, created by statute, *held*, not a contractual obligation existing by virtue of any agreement, either express or implied, between land owner and township within meaning of workmen's compensation law (Comp. Laws 1929, § 4255 *et seq.*, § 8413 as amended by Act No. 58, Pub. Acts 1931).

2. SAME—ROAD SERVICE—SUBSTITUTE NOT A TOWNSHIP EMPLOYEE.

Plaintiff in workmen's compensation proceeding, who was rendering road service when injured, as substitute for land owner, to defendant township, which did not have right to hire or discharge plaintiff as such substitute *held*, not an employee of defendant, the element of mutuality essential to creation of a contractual relationship being lacking (Comp. Laws 1929, § 4255 *et seq.*, § 8413 as amended by Act No. 58, Pub. Acts 1931).

Appeal from Department of Labor and Industry. Submitted April 14, 1937. (Docket No. 81, Calendar No. 39,376.) Decided May 21, 1937.

J. Henry Lezman presented his claim for compensation against Overisel Township for injuries sustained while in its employ. Award to plaintiff. Defendant appeals. Reversed.

*J. Thomas Mahan* and *John R. Dethmers,* for plaintiff.

*Diekema, Cross & Ten Cate,* for defendant.

CHANDLER, J. This is an appeal by the defendant in the nature of certiorari to review an award of the department of labor and industry in favor of the plaintiff.

The plaintiff for some time prior to the accident in question had been employed as a laborer on the farm of one Arink, receiving at one time his board and room and a stipulated wage for his services. For several months prior to the death of Mr. Arink in September, 1933, and thereafter until the date of the accident on October 13, 1933, plaintiff received only his board and room in return for performing the farm chores.

A highway labor assessment had been levied against the Arink property in accordance with the statutory provisions therefor. Act No. 283, Pub. Acts 1909, as amended (1 Comp. Laws, 1929, § 4255 *et seq.*). Plaintiff agreed with the overseer of highways to work out the assessment against the farm. This he proceeded to do with the consent and knowledge of Mrs. Arink, who furnished the team and wagon used by plaintiff. While loading the wagon with gravel plaintiff was injured. No compensation was being paid for his labors by the defendant township other than that Mrs. Arink received credit on the labor assessment.

The sole question presented for consideration is whether plaintiff was an employee of the defendant at the time of the accident.

In our opinion the facts herein presented do not justify a finding of the existence of a contract of hire, either express or implied, as required by the workmen's compensation act. 2 Comp. Laws, 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931. The obligation to perform road service was one created by statute. 1 Comp. Laws, 1929, § 4255 *et seq.* It was not a contractual obligation existing by virtue of any agreement, either express or implied, between the land owner and the defendant. Under the terms of the statute the person against whom the assessment was levied could supply a substitute to perform the labor. The defendant did not have the right to hire and discharge but could only impose a penalty on the person assessed, or his substitute, for failure to perform the work in a diligent manner. Penalties also attached for failure to comply with the assessment. The fact that the labor assessment might be commuted by the land owner upon payment of a certain sum of money does not

alter the nature of the relation established between plaintiff and defendant. Plaintiff was performing, as a substitute for Mrs. Arink, an obligation imposed by statute against the latter. The element of mutuality, essential to the creation of a contractual relationship, is lacking.

Although there are decisions to the contrary, *Town of Germantown* v. *Industrial Commission of Wisconsin,* 178 Wis. 642 (190 N. W. 448, 31 A. L. R. 1284), we are of the opinion that the result here reached is the more proper conclusion under the facts involved.

See, also, *Board of Trustees of Crutch Township* v. *State Industrial Commission,* 149 Okla. 23 (299 Pac. 155).

The award is vacated, with costs to appellant.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.